EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

KENNETH M. SORENSON
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, HI   96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-mail:  ken.sorenson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>                                 )<br>          Plaintiff,             )<br>                                 )<br>     vs.                         )<br>                                 )<br> DON JACKSON,                    )<br>                                 )<br>          Defendant.             )<br> _____ ) | CV. NO. 05-00755 DAE-KSC<br>CR. NO. 04-00083 DAE<br><br>RESPONSE OF THE UNITED STATES<br>TO DEFENDANT'S MOTION FOR<br>RELIEF PURSUANT TO 28 U.S.C.<br>§ 2255; CERTIFICATE OF SERVICE |

<u>RESPONSE OF THE UNITED STATES TO DEFENDANT'S MOTION
FOR RELIEF PURSUANT TO 28 U.S.C. § 2255</u>

I.   <u>RELEVANT FACTS</u>

On or about February 9, 2004, Petitioner Don Jackson (Jackson) was remanded to the custody of the U.S. Marshal's Service and housed at the Federal Detention Center (FDC) in Honolulu following his arrest on drug trafficking charges.  On April 22, 2004, Jackson was adjudicated by a federal Discipline Hearing Officer at the Federal Detention Center as having used marijuana in violation of Bureau of Prison's regulations.

Jackson was ordered into disciplinary segregation for 60 days and lost visiting privileges for 6 months. On December 7, 2005, Jackson filed his motion for relief pursuant to 28 U.S.C. § 2255 claiming that during the April 22, 2004 administrative hearing, he was wrongfully found to have used marijuana while a detainee at the detention center.

II.  ARGUMENT

    A.  Jackson's Claim is Inappropriate for Relief Under Section 2255

Title 28, United States Code, Section 2255 provides in relevant part:

> A prisoner in custody <u>under sentence of a court</u> established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. [emphasis added.]

Jackson's request for relief is grounded in his punishment for using marijuana while a pre-trial detainee, prior to any sentence being imposed. At the time of his petition, Jackson was not a "prisoner in custody under sentence of a court ... claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution of the United States." Thus, Section 2255 offers Jackson no avenue of relief.

B.   <u>Defendant Has Failed To Set Forth a Claim Upon Which Relief Can Be Granted</u>

Jackson complains that he was wrongfully adjudicated as having used marijuana and was given disciplinary segregation and loss of visiting privileges. While federal habeas relief countenances constitutional deprivations of liberty, Jackson has alleged no unlawful detention or extension of his time in custody. Jackson was already in detention, and while he was placed in special holding and lost visiting privileges, these do not amount to the type of liberty deprivations contemplated by habeas relief. In <u>Fierro v. Gomez</u>, No. 94-16775, slip op. 1843, 1854 (9th Cir. Feb. 21, 1996), the court found petitions for habeas relief "... requires as its predicate a determination that a sentence currently being served is invalid or unconstitutionally long." However, a "challenge [to] disciplinary procedures having only a speculative or incidental effect on the length of [prisoner's] sentence" is not "close to the core of habeas corpus." <u>Sisk v. CSO Branch</u>, 974 F.2d 116, 117-18 (9th Cir. 1992) (quotations omitted); see <u>Georgevich v. Strauss</u>, 772 F.2d 1078, 1087 (3d Cir.) (en banc).

C.   <u>Jackson's Petition is Moot</u>

Jackson claims that he suffered 60 days of segregation and 6 months of loss of visiting privileges. Since Jackson long ago served his penance for violating the institution's drug policy, neither Section 2255 nor habeas relief can offer Jackson

3

a remedy.  Jackson has alleged no continuing injury due to the alleged wrongful adjudication and is currently housed in a federal prison on the mainland serving his sentence.  Thus, any harm caused by the Federal Detention Center's alleged wrongful adjudication is long over.  See Bailey v. Southerland, 821 F.2d 277 (5th Cir. 1987), habeas petition challenging prison discipline for insolence and failure to obey an order action is moot after petitioner's release.

IV.  CONCLUSION

       For the reasons set forth above, the government respectfully requests that Jackson's motion for relief be denied.

       DATED:  May 15, 2006, at Honolulu, Hawaii.

                                    EDWARD H. KUBO, JR.
                                    United States Attorney
                                    District of Hawaii


                              By   /s/ Kenneth M. Sorenson
                                  KENNETH M. SORENSON
                                  Assistant U.S. Attorney

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served by First Class Mail:

>DON JACKSON #95116-022
>Federal Detention Center
>P.O. Box 30080
>Honolulu, HI   96820

DATED:  May 15, 2006, at Honolulu, Hawaii.

                                               /s/ Dawn M. Aihara