IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DON JACKSON #95116-022, | ) | CR. NO. 04-00083 DAE |
| | ) | CIV. NO.  05-00755 DAE-KSC |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## ORDER  DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

On December 7, 2005, *pro se* Petitioner Don Jackson ("Petitioner")

filed this Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255

("Motion").[1]  Respondent answered the Motion on May 15, 2006.[2]  For the

following reasons, the Court DENIES Petitioner's Motion.

---

[1] Petitioner does not state the specific relief he seeks.

[2] Petitioner was given until May 22, 2006, to file a Reply to Respondent's Answer. Petitioner, however, failed to notify the court that he was no longer housed at the Federal Detention Center-Honolulu, and the Order setting dates for the Answer and Reply were returned to the court as undeliverable.  Having reviewed the Motion and Respondent's Answer, however, the Court determines that a Reply is not necessary to adjudicate this Motion.

## BACKGROUND

On March 17, 2004, while Petitioner was in presentence detention at the Federal Detention Center in Honolulu ("FDC-Honolulu"), he tested positive for marijuana. (Pet. "Discipline Hearing Officer Report" at 3.) The prison held a disciplinary hearing on March 31, 2004. Petitioner argued that because he was overweight, was a chronic marijuana user before he was arrested, and had only been in FDC custody thirty-six days, the urinalysis showed a false positive result. (Pet. "Inmate Req. Staff Member," April 30, 2004.)

On April 22, 2004, the prison hearing officer determined that Petitioner was guilty of the charged offense, and imposed disciplinary sanctions against him.[3] Petitioner was given disciplinary segregation for sixty days, loss of visitation for six months, and loss of contact visitation (window visits allowed) for six months. All sanctions were to be served consecutively.

Petitioner appealed this decision to the Central Office Administrative Remedy Appeals, and was denied on October 22, 2004. Petitioner states that he also appealed to the Federal Board of Prisons Remedy Department, and was denied, although he does not provide the date when this decision was rendered.

_____

[3]The prison hearing officer considered Petitioner's statement, the urinalysis evidence, and other confidential information not divulged to Petitioner.

On February 22, 2005, Petitioner pled guilty to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine and methylenedioxy-methamphetamine in violation of 21 U.S.C. § 846. This Court sentenced Petitioner on October 24, 2005, to 132 months imprisonment and 10 years of supervised release.

## LEGAL STANDARD

Title 28 of the United States Code, Section 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress <u>claiming the right to be released</u> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (emphasis added).

Section 2255 authorizes post-conviction relief on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is

otherwise subject to collateral attack.  <u>Hitchcock v. United States</u>, 580 F.2d 964,

965 (9th Cir. 1978).

## <u>DISCUSSION</u>

Petitioner does not claim that this Court's judgment against him

violated the Constitution or was jurisdictionally defective, nor does Petitioner

claim that the sentence he received was excessive or otherwise subject to collateral

attack.  Petitioner does not actually challenge his sentence, but challenges a

presentence disciplinary action taken against him by FDC officials.  (Petr.'s Mot.

1.)  Section 2255 is available only to challenge a sentence.  <u>Brown v. United</u>

<u>States</u>, 610 F.2d 672, 677 (9th Cir. 1980).  As the disciplinary action that Petitioner

challenges occurred before his sentence was imposed, § 2255 relief is not available

to Petitioner.

Moreover, Petitioner was not "in custody under sentence of a court" at

the time of the challenged disciplinary action.  <u>See</u> 28 U.S.C. § 2255.  Although

Petitioner was in custody under a sentence of this Court when he filed this § 2255

claim, he was not under sentence of any court at the time of his April 22, 2004 FDC

disciplinary action.  At that time, Petitioner was a presentence detainee who had not

yet received a judgment or a sentence.  <u>See</u> 28 CFR 551.101.  As such, Petitioner's

claim does not properly fall under § 2255, but should have been brought under 28

4

U.S.C. § 2241.  McNeely v. Blanas, 336 F.3d 822, 824 (9th Cir. 2003).

Even if Petitioner had presented a proper § 2241 motion, Petitioner's claim is now moot.  A case becomes moot when it no longer presents a case or controversy under Article III, § 2, of the United States Constitution.  Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003).  To satisfy the case-or-controversy requirement, Petitioner must have a personal stake in the outcome of the suit throughout all stages of the proceedings.  See id.  A petitioner who challenges his underlying conviction, and is subsequently released from custody, may retain a personal stake in the proceedings, and avoid mootness, if collateral consequences of the conviction still exist.  See id.  However, this presumption of collateral consequences does not apply to petitions challenging prison disciplinary proceedings, as is the case here.  Id. at 480.

Petitioner is no longer in FDC custody, and his disciplinary segregation and lost visitation periods have already been served.  (Resp't's Resp. To Petr.'s Mot. 3-4.)  It is not clear to the Court what relief Petitioner seeks or could receive.  Petitioner does not claim to suffer from collateral consequences of the disciplinary proceedings at FDC, and it is unclear what consequences of those proceedings could continue to affect the Petitioner at another facility.  Petitioner

does not satisfy the case-or-controversy requirement, and his claims regarding the FDC disciplinary action are moot.

## **CONCLUSION**

For the above stated reasons, this Court DENIES Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255,

IT IS SO ORDERED.

Dated:  Honolulu, Hawaii, June 22, 2006.



_____
David Alan Ezra
United States District Judge

JACKSON v. UNITED STATES , CR. No. 04-00083 DAE, CV. No. 05-00755 DAE-KSC; ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE; dmp/2255/ Jackson 05-755